UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**COSHOCTON GRAIN COMPANY,**

      **Plaintiff,**

      **v.**

**CALDWELL-BAKER COMPANY,**

      **Defendant.**

Case No. 2:14-cv-2182
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion to dismiss and for change of venue (ECF No. 5) and Plaintiff's memorandum in opposition (ECF No. 7). For the reasons that follow, the Court finds the motion to transfer well taken and transfers the case to the United States District Court for the District of Kansas in Kansas City, Kansas.

### I.  Background

This action presents a dispute between Plaintiff, Coshocton Grain Company, and Defendant, Caldwell-Baker Company. According to the complaint, Plaintiff is an Ohio corporation headquartered in Ohio, while Defendant is a Delaware corporation headquartered in Gardner, Kansas. Defendant leases railcars to its customers, which include Plaintiff. In August 2014, however, Defendant sent Plaintiff a notice indicating Defendant's intent to terminate the parties' lease agreement. Various correspondence ensued, and in early November 2014, Defendant took possession of one of the railcars leased to Plaintiff.

Plaintiff subsequently filed its complaint on November 10, 2014,  asserting claims for breach of contract, tortious interference with business contracts, and declaratory relief. (ECF

No. 1.)  Plaintiff also filed a motion for a temporary restraining order and a preliminary injunction (ECF No. 2), which led to this Court holding an informal conference.  As a results of discussions held at that conference, the Court issued a briefing schedule for motions practice targeting the threshold issues of venue and jurisdiction.  (ECF No. 3.)  Pursuant to that schedule, Defendant has filed a motion to dismiss under Federal Rules of Civil Procedure 12 and to transfer the case under 28 U.S.C. § 1404(a).  (ECF No. 5.)  The parties have completed briefing on the transfer issue, which is ripe for disposition.

## II.  Discussion

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  A district court has discretion whether to transfer venue.  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  The exercise of this discretion ordinarily involves evaluating "both the convenience of the parties and various public-interest considerations," which means that, "[o]rdinarily, the district court . . . weigh[s] the relevant factors and decide[s] whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.' " *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas*, 134 S. Ct. 568, 581 (2013).

Thus, as the Sixth Circuit has explained, a district court deciding whether to transfer a case "should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.' " *Moses v. Bus.*

*Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).  *See also Atlantic Marine Constr. Co., Inc.*, 134 S. Ct. at 581 n.6.  Private interest factors of the parties include " 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.' "    *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214 (S.D. Ohio 1989).  Public interest factors include:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law.

*B.E. Tech., LLC v. Sony Computer Entm't Am. LLC*, Nos. 2:12-cv-02826-JPM-tmp, 2:12-cv-02827-JPM-tmp, & 2:12-cv-02828-JPM-tmp, 2013 WL 3804030, at *4 (W.D. Tenn. July 19, 2013) (quoting *In re Acer Am. Corp.,* 626 F.3d 1252, 1254 (Fed. Cir. 2010)).

Although "[t]here is no definitive formula or comprehensive test for determining the issue of convenience," courts have looked at the foregoing factors and related interests, including:

> (1) convenience of the witnesses; (2) availability of judicial process to compel the attendance of unwilling or uncooperative witnesses; (3) location of the relevant documents or records, and the relative ease of access to sources of proof; (4) residence and convenience of the parties; (5) relative financial means and resources of the parties; (6) locus of the operative facts and events that gave rise to the dispute or lawsuit; (7) each judicial forum's familiarity with the governing law; (8) the deference and weight accorded to the plaintiff's choice of forum; and (9) trial efficiency, fairness, and the interests of justice based on the totality of the circumstances.

3

*Mardini v. Presidio Developers, LLC*, No. 3:08-CV-291, 2011 WL 111245, at *6-7 (E.D. Tenn. Jan. 13, 2011) (quoting *Mullins v. ADB Logistics, Inc.*, No. 1:09–cv–160, 2009 WL 2406408, at *2–3 (E.D. Tenn. July 31, 2009) (citations omitted)).

Transfer is wholly inappropriate if it merely shifts the burden of inconvenience. *See Reed Elsevier, Inc. v. Innovator Corp.*, 105 F. Supp. 2d 816, 821-22 (S.D. Ohio 2000). There is thus a strong presumption in favor of a plaintiff's choice of forum that "may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). *See Trustar Funding v. Mruczynski*, No. 1:09-cv-01747-CAB, 2010 WL 1539759, at *10 (N.D. Ohio Mar. 30, 2010) (" 'Plaintiff's choice of forum should be given 'great' or 'substantial' weight when considering whether to transfer a case under § 1404(a).' " (quoting *U.S. v. Cinemark USA, Inc.*, 66 F. Supp. 2d, 881, 888 (N.D. Ohio 1987))). A plaintiff's choice of forum is given little weight, however, " 'where none of the conduct complained of occurred in the forum selected by the plaintiff.' " *Keybanc Capital Markets v. Alpine Biomed Corp.*, No. 1:07 CV 1227, 2008 WL 828080, at *7 (N.D. Ohio Mar. 26, 2008) (quoting *Edmison v. Vision Inv. & Dev., LLC*, No. 1:06 CV 1108, 2006 WL 3825149, at *5 (N.D. Ohio Dec. 26, 2006)).

Defendant asserts that transfer is warranted because the parties' lease contains a forum-selection clause. The existence of a valid forum-selection clause alters the foregoing analysis in a substantial way because when a contract contains such a clause, "the plaintiff's choice of forum 'merits no weight,' and a court 'should not consider arguments about the parties' private interests,' as they previously agreed (contractually) to litigate in a specified forum." *Keehan Tenn. Investments, LLC v. Guardian Capital Advisors, Inc.*, No. 1:14 CV 994, 2014 WL

4809448, at *2 (N.D. Ohio Sept. 26, 2014) (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568, 581-82 (2013)).

The key issue here is whether there is a valid forum-selection clause. Section 18, paragraph (i) of the lease provides:

> **(i) Applicable law.** The terms of this Lease and all rights and obligations hereunder shall be governed by the laws and venue of the State of Kansas without regard to Kansas' choice of law doctrine. There are words and phrases herein that are railroad terminology defined by *Car and Locomotive Cyclopedia* (1997) dictionary published by Simmons-Boardman.

Defendant argues that this provision constitutes a mandatory forum-selection clause, while Plaintiff counters that the provision is either a simple choice of law provision or, at most, a permissive forum-selection clause.

Much of Plaintiff's argument is based on cases construing dissimilar language. For example, *King v. PA Consulting Group, Inc.*, 78 F. App'x 645 (10th Cir. 2003), provides little help because the language at issue in that case simply recognized the possibility of filing in the courts of a particular state as opposed to requiring such filing. Similarly, *Bicknell v. Fernstrom & Associates, Inc.*, No. CIV A. 89-2118-O, 1989 WL 75612 (D. Kan. June 28, 1989), is equally unhelpful because it addressed only a clear choice of law provision inexplicably mislabeled as a "venue" provision.

Two cases provide some persuasive guidance, however, for construing the actual language of the lease provision at issue. The first case, *Caldwell-Baker Co. v. Nebkota Railway, Inc.*, No. 13-2391-RDR, 2013 WL 5467109 (D. Kan. Sept. 30, 2013), in fact involved Defendant and the same purported forum-selection clause language. The district judge in that case explained that removal of the case from a Kansas state court to the federal court located in

Kansas was proper based on the forum-selection clause. *Id.* at *2. That judicial officer did not regard the language as a choice of law provision, despite its title of "Applicable Law." Rather, the judge concluded that "the language . . . 'venue of the state of Kansas' includes federal venues within the state of Kansas" in addition to Kansas state courts. *Id.*

The second case features a slightly different provision that nonetheless contains the same core language, albeit within a clause with other slightly varied wording. In *S.M.W. Seiko, Inc. v. Howard Concrete Pumping Co., Inc.*, a magistrate judge considered a clause that read that "all actions arising here from shall be governed by the laws and venues in the State of New Hampshire." 170 F. Supp. 2d 152, 158 (D.N.H. 2001). That judicial officer concluded that transfer of the case to a district outside New Hampshire was not appropriate because the language involved constituted a choice of venue provision reflecting the parties' agreement as to the appropriate venue. *Id.*

Both of the foregoing cases support the obvious and plain language reading of the lease provision *sub judice*: the parties agreed to litigate any lease-related disputes in state or federal courts located in Kansas, including torts related to the contractual rights and obligations they created, *and* they agreed that Kansas substantive law would apply. To conclude otherwise would read out the venue language by transforming it into mere surplusage or conflating it with the distinct choice of law provision presented alongside the forum-selection provision. Plaintiff's explanation that the parties intended "and venue" to mean that Kansas local rules would apply regardless of where litigation was brought defies common sense. Thus, although the forum-selection clause could have been even more explicit, the lack of greater specificity does not negate the plain language of the provision. Thus, giving effect to each word of the lease

provision, the Court concludes that it mandates litigating the parties' dispute in a court in Kansas.

Three results occur here as a result of finding that the lease presents a valid forum-selection clause. First, Plaintiff's choice of forum is entitled to no weight. *Atl. Marine Constr. Co., Inc.*, 134 S. Ct. at 581. Plaintiff has then failed to show why this Court should not transfer this case to federal court in Kansas. *See id.* at 582.

Second, this Court, as noted, will not consider arguments about the parties' private interests that the Court would consider in an ordinary transfer case. *Id.* The Court instead "deem[s] the private-interest factors to weigh entirely in favor of the preselected forum." *Id.*

Third, this Court will consider the remaining public-interest factors in light of the admonition that "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* This is not an unusual case, and those factors support transfer here. There is no evidence that administrative difficulties exist related to court congestion. There is a local interest in having localized interests decided at home, which favors courts in Kansas deciding issues of Kansas law. And the familiarity of the transferee forum with the law that will govern the case is obvious. Finally, there is no apparent unnecessary problems of conflicts of laws here. It is Plaintiff's burden of showing that these factors overwhelmingly disfavor transfer, and Plaintiff has not met that burden. *Id.* at 583.

In light of the forum-selection clause and having found the balance of relevant factors to weigh in favor of transfer, the Court in the interest of justice concludes that transfer is

appropriate. *See id.* ("In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain.").

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to transfer and **TRANSFERS** the case to the United States District Court for the District of Kansas in Kansas City, Kansas.  (ECF No. 5.)  The motion to dismiss component of the filing related to personal jurisdiction is moot.  The Clerk shall therefore transfer this case to the United States District Court for the District of Kansas in Kansas City, Kansas.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE