IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COSHOCTON GRAIN COMPANY,  )
                                                        )
            Plaintiff,            )
                                                        )
      v.                            )          Case No. 14-2589-JWL
                                                        )
CALDWELL-BAKER COMPANY,   )
                                                        )
            Defendant.          )
                                                        )
_____)

## MEMORANDUM AND ORDER

Defendant moves to amend its counterclaim (Doc. # 48).  In its response, plaintiff disputes the validity of the proposed claims, but it states that because it can address those issues at trial, it does not oppose the motion to amend.  Accordingly, defendant's motion to amend is **granted as unopposed**.[1]  Defendant shall file its proposed amended counterclaim by **January 30, 2015**, and plaintiff shall file its reply or otherwise respond to that counterclaim by **February 6, 2015**.

Plaintiff has filed a motion to amend its complaint (Doc. # 49).  For the reasons set forth below, the motion is **granted in part and denied in part**.  The motion is granted to the extent that plaintiff seeks to amend its common factual allegations and its claim for declaratory relief, as set forth in Paragraphs 1 through 28 and Count IV of

---

[1]Defendant did not indicate in its lengthy supporting brief whether it sought the plaintiff's consent to its motion.  The Court would strongly encourage the parties to confer before filing future motions.

plaintiff's proposed amended complaint; the motion is denied to the extent that plaintiff seeks to add to or amend its other causes of action.  Plaintiff shall file its amended complaint, with its amended factual allegations and declaratory judgment claim, but with the other causes of action retained from its original complaint (unless abandoned by plaintiff), by **January 30, 2015**, and defendant shall file its answer or otherwise respond to that amended complaint by **February 6, 2015**.

Plaintiff seeks to amend its complaint to add to and change its factual allegations, alter its counts alleging claims for breach of contract and tortious interference, and add a claim of anticipatory repudiation.  Defendant opposes that motion solely based on the argument that such amendments would be futile.  *See Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (district court may deny leave to amend if amendment would be futile, i.e., the complaint as amended would be subject to dismissal).

In Count I of its original complaint, plaintiff asserted a claim for breach of contract.  Specifically, plaintiff alleged that defendant breached the parties' contract by taking possession of a particular railcar.  Plaintiff seeks to amend its complaint to remove the allegation that any railcar was actually seized.  In its proposed amended Count I, plaintiff alleges that defendant "breached its contractual obligations by, *inter alia*, demanding return of the railcars without valid justification."  Defendant argues that such an allegation does not state a claim for breach of contract because defendant has not yet failed to satisfy any obligation under the contract.  Defendant describes plaintiff's claim as speculative, in the sense that it is based on the assumption that defendant will fail to

2

perform, and thus breach the contract, in the future.

Plaintiff's reply brief does not directly address defendant's argument.  In response to defendant's argument that plaintiff has not yet suffered any damages, plaintiff points out that it has also asserted a claim for declaratory relief, and it argues that defendant's notice of its intent to take the cars gives rise to an actual controversy.  Plaintiff does not explain, however, how defendant has already breached the contract.  To the contrary, plaintiff concedes that if defendant satisfies its contractual obligations—specifically, if defendant returns any cars taken for Rule 88 work and substitutes cars in the interim if available—then plaintiff's claims "would be mooted;" and plaintiff argues that if defendant follows through with its threats to take the cars, it will have breached.  Thus, plaintiff appears to base its claim only on the assumption of a future breach by defendant.

In its proposed amended complaint, plaintiff alleges that defendant gave notice of its intent to terminate the parties' contract and to seize the railcars, but plaintiff does not allege that defendant has actually seized or diverted any cars, or that defendant otherwise failed to satisfy its obligation to provide cars for plaintiff's use.  Rather, plaintiff couches its ultimate allegation in conditional terms—*if* defendant obtains possession and refuses to return them, plaintiff will suffer damages.  Accordingly, plaintiff has not stated a plausible claim that defendant breached the contract by failing to provide cars to plaintiff.  Plaintiff alleges in its proposed Count I that defendant breached by demanding return of the cars improperly; plaintiff has not explained,

however, how such a demand constitutes an actual, present breach of the parties' contract (which is attached to plaintiff's proposed amended complaint).[2]  Plaintiff also complains in its new allegations that defendant failed to provide assurances that it would return the cars after any Rule 88 work, but plaintiff has not explained how such a failure to assure future performance (other than in the context of repudiation) constitutes a present breach.

The Court thus concludes that plaintiff's proposed amended claim for breach of contract, as stated in Count I of the proposed amended complaint, does not state a plausible claim for breach of contract.  Such a claim is, at best, premature.  Accordingly, the Court denies plaintiff's motion to amend that claim on the basis of futility.

Plaintiff also seeks to add a claim for anticipatory repudiation, based on its allegation that defendant terminated the parties' contract by its notices of its intent to take back the cars leased to plaintiff.  Defendant argues that such a claim would be subject to dismissal, thereby rendering the amendment futile, because plaintiff did not treat the alleged repudiation as an anticipatory breach, but instead continued to perform under the contract and, in fact, seeks specific performance of that contract by its claim for declaratory relief.  Plaintiff did not respond to this argument in its reply brief.

The Kansas Supreme Court has discussed anticipatory repudiation as follows:

[A] renunciation or repudiation of a contract before the time for

---

[2]Whether such demand may constitute a repudiation is addressed with respect to plaintiff's proposed Count II.

> performance, which amounts to a refusal to perform at any time, gives the adverse party the option to treat the entire contract as broken and to sue immediately for damages as for a total breach.  If the injured party does not wish to bring such an immediate suit for damages, he may elect between two other alternatives—that is, (1) to treat the contract as still binding and wait until the time arrives for its performance by the promisor, and at such time to bring an action on the contract, or (2) to rescind the contract and sue for money paid or the value of services or property furnished.

*See Stauth v. Brown*, 241 Kan. 1, 10-11 (1987) (quoting 17 Am. Jur. 2d, *Contracts* § 449 at 912-13).   In *Stauth*, the parties asserting anticipatory repudiation did not sue immediately for damages or rescind the contract, nor did they treat the contract as still binding and wait until the time arrived for performance before bringing an action; thus, the supreme court concluded that those parties had "failed to make the election necessary to treat the renunciation as a breach."  *See id.* at 11.

In this case, plaintiff, upon receipt of the notices from defendant, did not treat the entire contract as terminated and sue for total breach.  Rather, in its original complaint, plaintiff asserted only a breach with respect to one railcar, and its sought declaratory relief to prevent defendant from refusing to perform.  Indeed, by its declaratory claim (as asserted in both the original complaint and in plaintiff's proposed amended complaint), and in seeking a preliminary injunction, plaintiff has treated the contract as still binding and has sought the Court's assistance in preventing a breach from occurring.  Plaintiff has not alleged in its proposed amended complaint any facts to suggest that either party has already ceased performing under the contract.  Nor has plaintiff attempted to explain in its reply brief why its conduct does not constitute an election to treat the contract as

still binding.  Accordingly, the Court concludes that plaintiff has failed in its proposed amended complaint to state a plausible claim for anticipatory repudiation, and plaintiff's motion to amend to add such a claim is therefore denied as futile.[3]

Plaintiff also seeks to amend its claim for tortious interference with a contract. One essential element of that claim is defendant's procurement of a breach of a contract involving the plaintiff. *See Burcham v. Unison Bancorp, Inc.*, 276 Kan. 393, 423 (2003). In its original complaint, plaintiff alleged that defendant procured breaches of plaintiff's contracts with its customers by seizing the one railcar.  In its proposed amended claim, plaintiff alleges that defendant procured breaches of those contracts "by deliberately refusing to continue to provide railcars without justification."

Defendant argues that because no cars have yet been seized, no breaches of the contracts with plaintiff's customers can have occurred.  Plaintiff has not responded to this argument by defendant.  Because plaintiff's amended factual allegations make clear that no cars have been seized, and because those allegations do not involve any facts suggesting any other way in which plaintiff has failed to satisfy its obligations to its customers, the Court agrees that plaintiff's proposed amended complaint does not state a plausible claim for tortious interference with a contract.  Plaintiff's proposed claim

---

[3]To the extent that plaintiff relies on defendant's failure to give adequate assurances, the result is no different.  Any such failure might constitute a repudiation, to be sure, but plaintiff's options thereupon would still be to sue for damages for total breach, to treat the contract as binding, or to rescind.  At this stage it certainly has chosen the second of those three options.

would therefore be subject to dismissal, and the Court thus denies plaintiff's motion to amend this claim on the basis of futility.

The declaratory judgment count in plaintiff's proposed amended complaint is essentially the same as its originally-pleaded claim, with the only real change being the removal of the allegation that defendant seized one car. Defendant argues that this claim is speculative and that plaintiff has an adequate remedy at law. The Court agrees with plaintiff, however, that at this stage an actual controversy exists, in light of defendant's notices to plaintiff, and the Court cannot say as a matter of law that plaintiff will be unable to show that it is entitled to equitable relief.[4] Accordingly, the Court grants plaintiff's motion to amend its statement of its claim for declaratory relief, as set forth in Count IV of plaintiff's proposed amended complaint.

The Court sees no reason not to allow plaintiff to amend its common factual allegations, as set forth in Paragraphs 1 through 28 of its proposed amended complaint, to support its amended declaratory judgment claim. Accordingly, plaintiff's motion is granted to extent of such amendment.

Finally, the Court notes that defendant takes issue with plaintiff's claim for attorney fees. That claim is not part of the request for amendment, however, as plaintiff asserted such a claim in its original complaint. Defendant has not filed a motion to

---

[4]Defendant notes that the Court denied plaintiff's request for preliminary injunction. Defendant has not cited any authority, however, to suggest that that ruling precludes plaintiff's attempt to win a permanent injunction.

dismiss any originally-filed claims.  Accordingly, that claim—along with plaintiff's claims for breach of contract and tortious interference as originally pleaded—remain in the case at present (and should be included in the amended complaint that plaintiff files, unless plaintiff chooses to abandon those claims).

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to amend (Doc. # 48) is **granted**.  Defendant shall file its proposed amended counterclaim by **January 30, 2015**, and plaintiff shall file its reply or otherwise respond to that counterclaim by **February 6, 2015**.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's motion to amend (Doc. # 49) is **granted in part and denied in part**.  The motion is granted to the extent that plaintiff seeks to amend its common factual allegations and its claim for declaratory relief, as set forth in Paragraphs 1 through 28 and Count IV of plaintiff's proposed amended complaint; the motion is denied to the extent that plaintiff seeks to add to or amend its other causes of action.  Plaintiff shall file its amended complaint, with its amended factual allegations and declaratory judgement claim, but with the other causes of action retained from its original complaint (unless abandoned by plaintiff), by **January 30, 2015**, and defendant shall file its answer or otherwise respond to that amended complaint by **February 6, 2015**.

IT IS SO ORDERED.

Dated this 28th day of January, 2015, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge