IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COSHOCTON GRAIN COMPANY,           )
                                   )
              Plaintiff,           )
                                   )
         v.                        )          Case No. 14-2589-JWL
                                   )
CALDWELL-BAKER COMPANY,            )
                                   )
              Defendant.           )
                                   )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion by defendant Caldwell-Baker

Company ("CBC") (Doc. # 141) (a) to strike certain defenses asserted by plaintiff

Coshocton Grain Company ("Coshocton") in its answer to CBC's amended counterclaim

and (b) for discovery on any remaining defenses.  For the reasons set forth below, the

motion is **granted in part and denied in part**.  The motion to strike is granted with

respect to the defenses of laches and unclean hands asserted in Paragraph 117 of

Coshocton's answer and with respect to the impossibility defense asserted in Paragraph

126 of the answer, and those defenses are hereby stricken.  The motion to strike is

otherwise denied.  The motion for discovery is denied without prejudice.

## I.   Motion to Strike Defenses

CBC moves to strike ten of the 12 "affirmative and other defenses" asserted by

Coshocton in answer to CBC's amended counterclaim.  Although CBC has not cited any legal basis for its motion to strike, the Court presumes that CBC acts pursuant to Fed. R. Civ. P. 12(f), which provides that a court may strike from a pleading an insufficient defense.  *See id.*

CBC notes that the Court previously struck various defenses asserted by Coshocton in answer to CBC's original counterclaim.  *See* Order of Mar. 17, 2015 (memorializing rulings made on the record at a telephone conference conducted on that date).  Because some of those same defenses have been asserted again by Coshocton, CBC argues that they should again be stricken.  In its previous ruling, however, the Court relied specifically on the facts that the case was being litigated on an expedited schedule and that a pretrial order was imminent, and the Court thus concluded that it was time to "make clear the affirmative defenses that Coshocton [was] actually asserting." *See* Transcript of Mar. 17, 2015, at 6.  The case is no longer on an expedited schedule, however, and thus there is now no similar urgency to pare down the claims and defenses remaining in the case.  Moreover, CBC has amended its counterclaim, and Coshocton is therefore entitled to assert any new defenses for which it can articulate a good faith basis.  Thus, the Court considers Coshocton's defenses anew.

CBC also appears to argue that Coshocton has not sufficiently supported its defenses with factual detail in its pleading and that certain defenses are not plausible. The undersigned has previously followed the majority position in this District, however, in holding that the *Twombly* pleading standards, including the requirement to plead

2

sufficient facts to state a plausible claim, do not apply to the pleading of affirmative defenses. *See Unicredit Bank AG v. Bucheli*, 2011 WL 4036466, at *5 (D. Kan. Sept. 12, 2011) (Lungstrum, J.) (citing cases). The Court in *Unicredit* noted that its ruling was "supported by the traditionally high standards for motions to strike under Rule 12(f), which are generally disfavored and considered a drastic remedy, and which are usually denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties." *See id.* (internal quotation omitted).

CBC has not argued in its reply brief that the Court should reconsider its prior ruling, and the Court reaffirms its conclusion that the *Twombly* pleading standards do not apply to the pleading of defenses. The Court thus applies the standard under Rule 12(f) stated in *Unicredit*. The Court does not agree with Coshocton, however, that CBC would suffer no prejudice if Coshocton were allowed to maintain defenses that could not have any possible merit, as CBC would be expected to expend resources unnecessarily to address those defenses in discovery. Thus, the Court considers whether the challenged defenses are asserted by Coshocton in good faith and could have a relation to the controversy, such that Coshocton should be entitled to maintain those defenses through discovery.

Paragraph 117

In Paragraph 117 of its pleading, Coshocton asserts defenses of "waiver, estoppel, laches and/or unclean hands." The Court denies the motion to strike the defenses of waiver and estoppel. Those defenses are substantive, and Coshocton has provided

3

possible bases for such defenses in its brief; thus, the Court cannot say that the defenses could have no relation to this controversy. CBC's arguments going to the merits of these defenses do not provide a basis to strike under Rule 12(f) and are better addressed at the summary judgment stage.

Coshocton has not addressed the defenses of laches and unclean hands, however, and thus has not explained how those equitable defenses could relate to the legal claims at issue here. Accordingly, the Court grants the motion to strike those two defenses.

Paragraph 118

In Paragraph 118, Coshocton asserts the defense of a lack of duty. The Court denies the motion to strike this defense, which goes to the substance of CBC's claims. CBC argues that the lack of a duty represents a mere denial and is not properly considered an affirmative defense. The asserted defense could have a relation to the case, however, and thus there is no basis to strike it under Rule 12(f).

Paragraph 119

Similarly, the Court denies the motion to strike the defense of anticipatory repudiation asserted in Paragraph 119, which goes to the substance of CBC's contract claims. It is true that in maintaining this defense, Coshocton will be forced at some point to address the Court's prior ruling as a matter of law that there was no such repudiation as previously argued by Coshocton. The Court cannot say, however, that the defense could have no relation to CBC's amended claims for purposes of Rule 12(f).

Paragraph 121

4

The Court denies the motion to strike Paragraph 121, in which Coshocton asserts that CBC's claims are barred by CBC's own prior material contractual breaches. Again, such defenses are substantive, and CBC's legal and factual arguments concerning the merits of such claims of breach are better addressed at summary judgment.[1]

Paragraph 122

The Court denies the motion to strike the defenses relating to causation asserted by Coshocton in Paragraph 122, for the same reasons noted above with respect to Paragraph 118.

Paragraph 123

In Paragraph 123, Coshocton states that CBC's damage claims are "barred and/or limited by Coshocton's set off and/or recoupment rights." In its brief, in support of this defense, Coshocton argues that CBC sent bills with inflated and improper damage claims, that Coshocton paid such bills under protest, and that Coshocton should be entitled to recover those payments against any damages CBC is awarded. In moving to strike this defense, CBC notes that there is no remaining affirmative claim for breach of contract asserted by Coshocton in this action, and that the Court previously struck this defense as asserted in answer to CBC's original counterclaim. At that time, however,

---

[1] CBC has not explained why the Court's prior ruling that CBC may recover under the default provisions of the contract precludes any claim that CBC breached that contract. In answer to another argument by CBC, the Court notes that Coshocton does not merely seek by this defense to be relieved of an obligation to return railcars, but it also seeks to be relieved of any obligation to pay for alleged damage to the cars.

Coschocton did not identify any claim against CBC on which to base this defense. Coshocton has now articulated a possible basis for a claim against CBC for breach of contract. CBC has not cited any authority suggesting that the lack of an affirmative claim for damages precludes Coshocton's assertion of a defense of setoff or recoupment based on a claim of breach by CBC. Moreover, CBC's insistence that it does not owe Coshocton any money to be set off does not provide a basis to strike the defense under Rule 12(f). Accordingly, the Court denies the motion to strike this defense.

Paragraph 124

The Court denies the motion to strike the defenses relating to a failure of conditions asserted by Coshocton in Paragraph 124, for the same reasons noted above with respect to Paragraph 118.

Paragraph 125

In Paragraph 125, Coshocton asserts as a defense that "CBC's claims are barred by the doctrine of award and satisfaction." CBC moves to strike this defense on the basis that although there may be a defense of "accord and satisfaction," no defense of "award and satisfaction" has been recognized. Coshocton responds that it intended to assert the defense of "accord and satisfaction," based on previous payments to CBC. With that clarification, the Court denies that motion to strike this defense (CBC's arguments on the merits of such a defense notwithstanding).

Paragraph 126

In Paragraph 126, Coshocton states that "[p]erformance of contract terms in the

6

manner that CBC now demands would be impossible." CBC argues that the legal doctrine of impossibility does not apply here in the context of Coshocton's position. In its brief, Coshocton argues that it was impossible for it to meet its obligation to return railcars because CBC did not meet its obligation to designate the place and time of return. Coshocton has not explained, however, how that argument, which more properly alleges a prior breach by CBC, supports a legal claim of impossibility of performance. Under Kansas law, impossibility or impracticability relieves a party of performing because of the occurrence of an event that the party has no reason to foresee and the nonexistence of which is a basic assumption on which the contract was made. *See Sunflower Elec. Co-op., Inc. v. Tomlinson Oil Co.*, 7 Kan. App. 2d 131, 138 (1981) (quoting Restatement (Second) of Contracts § 266). In this case, the contracting parties did address (as alleged by Coshocton) CBC's obligation with respect to the return of the cars, and the failure of CBC to meet that obligation is therefore not an unforeseeable event. Coshocton is free to argue and to try to prove that it was relieved of performing a contractual obligation because of CBC's prior breach in failing to designate the time and place of the return of railcars; that argument does not implicate the legal doctrine of impossibility, however. Thus, to the extent that Coshocton is asserting an impossibility defense in Paragraph 126, the Court grants the motion to strike that defense.

Paragraph 127

CBC moves to strike Coshocton's statement in Paragraph 127 that it reserves the right to amend to assert additional affirmative defenses that become available or apparent

in discovery.  The Court notes that such a statement has no force or effect, as Coshocton will be required to seek leave to assert any new affirmative defenses.  In light of that fact, however, CBC can suffer no prejudice from the inclusion of that statement in the answer to the counterclaim, and the Court therefore denies the motion to strike it.

## II.      **Motion for Discovery**

In its motion, CBC also requests leave to propound interrogatories and document requests regarding any remaining affirmative defenses to determine the factual bases for such defenses.  CBC has not explained, however, why it may not propound such discovery requests, and thus why the requested Court order is necessary.  The Court notes CBC's statement that it recently propounded such discovery concerning Coshocton's defenses that CBC did not seek to strike.  Thus, the Court denies the present motion for leave without prejudice to the filing of a future motion in the event that CBC is denied discovery to which it believes it is entitled.  The Court notes, however, that discovery of Coshocton's defenses at this time may be of little utility, as Coshocton's responses may depend on the final claims for damages asserted by CBC by the June 2016 deadline.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to strike and for discovery (Doc. # 141) is hereby **granted in part and denied in part**. The motion to strike is granted with respect to the defenses of laches and unclean hands

asserted in Paragraph 117 of plaintiff's answer to the amended counterclaim and with respect to the impossibility defense asserted in Paragraph 126 of the answer, and those defenses are hereby stricken.  The motion to strike is otherwise denied.  The motion for discovery is denied without prejudice.

IT IS SO ORDERED.

Dated this 20th day of January, 2016, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

9